

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
01/08/2010

| | | |
|---|---|---|
| IN RE: § | | |
| STEPHANIE R. ROQUMORE, § | Case No. 06-36406 | |
|     Debtor(s). § | | |
| § | Chapter 7 | |
| § | | |
| RONALD J SOMMERS CH 7 TRUSTEE, § | | |
|     Plaintiff(s) § | | |
| § | | |
| VS. § | Adversary No. 06-03691 | |
| § | | |
| MARY J. ROQUMORE, § | | |
|     Defendant(s). § | Judge Isgur | |

### MEMORANDUM OPINION DENYING IN PART AND GRANTING IN PART THE TRUSTEE'S MOTION TO MODIFY CASE MANAGEMENT ORDER

For the reasons stated below, the Court denies in part and grants in part the Trustee's Motion to Modify Case Management Order and Re-Open Discovery of Third Parties ("Motion to Re-Open Discovery") (docket no. 94).

### Background

This adversary proceeding was filed on December 6, 2006. However, the proceeding was continued and abated several times in order to accommodate Debtor's health problems as well as to provide the parties an opportunity to mediate. As a result, several scheduling orders have been issued in the proceeding to which the parties largely agreed.

However, the present Motion to Re-Open Discovery was filed after the Chapter 7 Trustee ("Trustee") and Defendant Mary Roqumore ("Defendant") disagreed over when discovery closed

with respect to depositions of third parties.[1] The disagreement arose when the Trustee noticed and subpoenaed depositions from two of the Debtor's tax preparers.

The Trustee's Motion seeks a modification of the scheduling order to allow: (1) third party depositions, including but not limited to the tax preparers and banks; and (2) expert reports to be filed.

### Jurisdiction

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334. Venue is proper in this District pursuant to 28 U.S.C. § 1409.

### Analysis

**1. Rule 16(b)(4)**

Rule 16(b)(4) provides that once a scheduling order is entered, it "may be modified for good cause and with the judge's consent." FED. R. BANKR. P. 7016; FED. R. CIV. P. 16(b)(4). The Rule recognizes that "the parties will occasionally be unable to meet [deadlines] because scheduling order deadlines are [generally] established relatively early in the litigation." *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154 (9th Cir. 2004). As a result, the Court may extend a scheduling order deadline upon a showing of good cause. Good cause requires that "the 'party seeking relief . . . show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters. LLC v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). *See also* FED. R. CIV. P. 16 advisory committee's notes (1983 amendment).

---

[1] The present Motion was filed after the Court issued its September 21, 2009 Order Clarifying Discovery Deadlines (docket no. 93) which stated that third party discovery was closed. However, the Order was entered without prejudice to the Trustee's right to file a motion to re-open discovery.

Four factors have been used to determine whether there is good cause: "'(1) the explanation for the failure to [conform to the scheduling order]; (2) the importance of the [proposed modification]; (3) potential prejudice in allowing the [proposed modification]; and (4) the availability of a continuance to cure such prejudice.'" *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541 (5th Cir. 2003) (quoting *S&W Enters.*, 315 F.3d at 536) (reviewing an untimely motion for leave to amend). *See also S&W Enters.*, 315 F.3d at 536 (evaluating an untimely submission of expert reports and an untimely motion for leave to amend); *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (considering an untimely supplement to an expert report); *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (evaluating untimely designations of expert witnesses); *Bradley v. United States*, 866 F.2d 120, 123, 125 (5th Cir. 1989) (assessing untimely designations of expert witnesses).

Though the four factors are helpful, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (stating that the existence or degree of prejudice to the opposing party supplies *additional* reason for denying a motion). "If that party was not diligent, the inquiry should end." *Id.*

The Court has "'broad discretion to preserve the integrity and purpose of the pretrial order,' which, toward the end of court efficiency, is to expedite pretrial procedure." *S&W Enters.*, 315 F.3d at 536 (quoting *Geiserman*, 893 F.2d at 790; *Hodges v. United States*, 596 F.2d 1014, 1018 (5th Cir. 1979)).

**2. The Trustee's Position**

The Trustee asserts that there are multiple grounds that constitute good cause for modifying the present scheduling order. They are as follows:

1. Confusion. At the time the Trustee noticed and subpoenaed the depositions of the two tax preparers, the Trustee believed that the period for third party depositions was open. This belief was based on a series of scheduling orders that were "murky as a result of the Trustee's constant focus on the discovery he needed from the Debtor and silen[t] on third party discovery."

2. Due diligence. The Trustee has acted diligently since being informed by Defendant's counsel, Mr. Patterson, that he believed third party discovery was closed. The Trustee does not allege exactly when this particular interchange materialized, but he asserts he filed the September 18, 2009 Motion to Clarify Discovery Deadlines (docket no. 90)[2] when it did.

3. The Debtor's uncooperative behavior. The Debtor untimely produced the 2006 tax documents for herself and one of her entities, Gas American Resources. The requests were originally served on June 30, 2009. The Debtor gave an incomplete copy of her 2006 tax return and responded with the statement, "Don't have/Don't exist/Already Provided" with respect to the request for Gas American Resources' 2006 tax return. The Debtor's responses prompted the Trustee to file his Motion to Compel (docket no. 75), which the Court granted (docket no. 86). Thus, the Trustee did not receive any "meaningful" tax documents directly from the Debtor, but rather from the IRS using Form 4506.[3] It was during this episode that the Trustee discovered the identities of the two tax preparers whom the Trustee subsequently noticed and subpoenaed for depositions.

4. Necessity.

    a. This fraudulent transfer adversary proceeding concerns the Debtor's mid-August 2006 recorded deed gifting her Pearland, Texas residence to her mother, Defendant Mary Roqumore. As a result, discovery with respect to the Debtor's solvency in August 2006 and November 2006 is relevant.

    b. The Trustee is unable to benefit from the third party discovery efforts of the United Statutes Trustee in another, but related adversary proceeding, no. 07-03512, because that adversary proceeding has been terminated.

---

[2] The present Motion to Re-Open Discovery is the Trustee's second effort to address this dispute. The September 18, 2009 Motion to Clarify was his first effort.

[3] IRS Form 4506 allows third parties to obtain a certified copy of a tax return with the consent and signature of the taxpayer.

The Court will analyze each explanation in turn, being mindful that the focus of the inquiry is whether the Trustee has acted with due diligence.

    **a. Confusion**

The Trustee states that at the time he subpoenaed and noticed the two tax preparers for depositions, he believed that the period for third party depositions was still open. The Trustee's mistaken belief was due to scheduling orders that were silent on third party depositions which were caused by the Trustee's focus on taking the Debtor's deposition only.

The following is a list scheduling orders with respect to third party discovery:

1. <u>March 6, 2007 Scheduling Order</u> (docket no. 16)[4]:

    - Discovery deadline –  May 15, 2007[5]

    - General depositions deadline – May 1, 2007

2. <u>May 1, 2007 Agreed Scheduling Order</u> (docket no. 19):

    - Discovery deadline – September 14, 2007[6]

    - General depositions deadline – August 31, 2007

3. <u>October 18, 2007 Scheduling Order</u> (docket no. 50):

    - Discovery deadline – February 29, 2008[7]

    - Deadline for *Debtor's deposition* – February 15, 2008

    - Deadline for *third party depositions  – silent*

---

[4] This Order accepted the parties' Rule 26 Report (docket no. 12).

[5] The deadline did not apply to experts.

[6] The deadline did not apply to experts.

[7] The deadline did not apply to experts.

4. <u>January 29, 2008 Abatement Order</u> (docket no. 58)[8]:

   - "All unexpired deadlines and schedules are continued pending further order of the Court."

5. <u>March 23, 2009 Case Management Order</u> (docket no. 71):

   - Abatement terminated.[9]

6. <u>May 26, 2009 Scheduling Conference</u> (docket entry)[10]:

   - Deposition "timeframe" for ***Debtor*** – August 1, 2009 to September 30, 2009

   - Document Production Requests – June 30, 2009

As the above list indicates, the first two scheduling orders set general deposition deadlines. The subsequent scheduling orders only modified the deadline for the Debtor's deposition and were silent on third party depositions. As a result, it appears that the August 31, 2007 general depositions deadline was the last one that governed third party depositions before the proceeding was abated.

When the proceeding was abated on January 29, 2008, the Court ordered any unexpired deadlines continued. At this time, the August 31, 2007 general depositions deadline had passed. Thus, it appears that the abatement order did not affect it.

However, on closer inspection, the motion that resulted in the October 18, 2007 Scheduling Order was filed on August 29, 2007 (docket no. 41), which was prior to the running of the general depositions deadline of August 31, 2007. That motion sought an extension of the depositions deadline not only for the Debtor, but also for third parties. Yet, the resulting October 18, 2007 Scheduling Order was silent regarding third party depositions. Thus, the Court finds

---

[8] The proceeding was abated to allow the parties to mediate.

[9] The mediated settlement agreement was not approved.

[10] Deadlines were announced on the record.

that the scheduling orders were possibly confusing due to their silent nature as well as the sheer number of the orders.

Based on these possibly confusing scheduling orders, the Trustee states that he mistakenly believed the time period for third party depositions was still open. The Trustee does not assert when exactly he thought the time period expired. In spite of this, the only possible period in which the Trustee could have thought third party depositions could take place would be August 1 to September 30, 2009. That was: (1) the only timeframe announced at the last scheduling conference on May 26, 2009 that had anything to do with depositions; and (2) the only possible basis on which the Trustee relied for his mistaken belief. Therefore, taking as true the Trustee's mistaken belief, why did the Trustee notice and subpoena one of the tax preparers to appear outside of these dates?[11] The Court finds this curious and can only conclude that it was due to inadvertence.

### b. Due Diligence

The Trustee also argues that he has acted diligently in requesting this modification once it was communicated by opposing counsel that they disagreed over when third party depositions closed. The Court cannot agree.

A review of the May 26, 2009 Scheduling Conference transcript reveals that the Trustee had notice in May, 2009 that opposing counsel held the position that third party depositions were closed. Defendant's counsel communicated this very position in light of the third party discovery that would take place in the other, related adversary proceeding. He stated: "discovery is closed [in this adversary proceeding] . . . other than [for Debtor's] completion of her 2004 [examination] so our position is: [discovery] is done . . . ."

---

[11] Mr. Michael Rose, the tax preparer for Gas American Resources, was noticed and subpoenaed to appear on October 8, 2009.

At this time, the Trustee should have requested clarification with respect to third party depositions as well as expert reports, but instead, the Trustee remained silent. The parties only discussed the taking of the Debtor's deposition and new requests for documents. The Trustee should have requested the discovery he needed as he has the obligation to prosecute his case properly.

Even if the Court overlooked the Trustee's missing his opportunity back in May, 2009, the Trustee waited four months to address these issues. The lapse in time militates against the requested relief. Therefore, with respect to the Trustee's general request for third party depositions and expert reports, the Court will not extend the deadlines. *See Johnson*, 975 F.2d at 610 (holding that good cause did not exist to modify a scheduling order when the moving party's attorneys failed to prosecute the case properly).

### c.   The Debtor's Untimely Production of 2006 Tax Documents

Conversely, the Trustee's particular request for the depositions of the two tax preparers is a different matter. The Trustee states that he did not receive information regarding their identities until August, 2009, during which time: (1) the Debtor produced an incomplete copy of her 2006 tax return; and (2) the Trustee discovered the tax preparer's name for Gas American Resources through a fortuitous event. Once the Trustee discerned their identities, the Trustee noticed and subpoenaed them for depositions in late September and early October, 2009. In light of the short time in which the Trustee acted upon his new findings, the Court finds that the Trustee acted diligently with respect to acquiring the two tax preparers' depositions. Therefore, the Court will extend the deposition deadlines for the taking of the two tax preparers' depositions.

**Conclusion**

The Court denies in part and grants in part the Trustee's Motion to Re-Open Discovery. A separate order will be issued.

SIGNED **January 8, 2010.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE